**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



MAR 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMAL ABDO AHMAD AL-JABRE, Mosa Nagy Mohammed,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71018<br><br>Agency No. A075-118-945<br><br>MEMORANDUM[*] |
| JAMAL AL JABRE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72377<br><br>Agency No. A075-118-945 |
| JAMAL ABDO AHMAD AL-JABRE, Mosa Nagy Mohammed,<br><br>Petitioner, | No. 11-71534<br><br>Agency No. A075-118-945 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

JAMAL ABDO AHMAD AL-JABRE,          No. 11-73875

Petitioner,                          Agency No. A075-118-945

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued & Submitted March 14, 2013
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

Jamal Abdo Ahmad Al-Jabre, a native and citizen of Yemen, petitions for review of: (1) the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"); (2) its order denying his first motion to reopen based on changed

country conditions; (3) its order dismissing his motion to reconsider; and (4) its order denying his second motion to reopen based on changed country conditions. Our jurisdiction is governed by 8 U.S.C. § 1252.

With respect to the first petition, substantial evidence supported the agency's adverse credibility determination. Al-Jabre testified inconsistently about what his hospitalized relative purportedly said to Amal's family member and also testified inconsistently about what happened to his passport. Additionally, he testified implausibly about not having encountered any immigration officials when crossing from Mexico into the United States by car. These inconsistencies are sufficient to support an adverse credibility finding under 8 U.S.C. § 1158(b)(1)(B)(iii). *See Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence . . . [this court is] bound to accept the IJ's adverse credibility finding."); *see also Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Because Al-Jabre failed to establish that it is more likely than not that his life or freedom would be threatened on account of a protected ground, the agency did not err in denying his application for withholding of removal.[1]

---

[1]Al-Jabre does not challenge the BIA's conclusion that his asylum application was untimely.

3

The remaining evidence in the record does not indicate that Al-Jabre was more likely than not to be subject to a "*particularized threat* of torture" "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (citing 8 C.F.R. § 208.18(a)(1)). Therefore, the agency did not err in denying his CAT claim.

The BIA did not abuse its discretion in denying the first motion to reopen because Al-Jabre sought asylum based on changed circumstances, but failed to submit a second asylum application. *See* 8 C.F.R. § 1003.2(c)(1). Further, in light of the IJ's prior adverse credibility determination, Al-Jabre's evidence was insufficient to establish a prima facie case for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 997 (9th Cir. 2008). The BIA did not give undue weight to the discrepancies in Al-Jabre's documentation regarding his marital status.

The BIA did not abuse its discretion in denying the motion to reconsider, as Al-Jabre's clarification of his own errors did not amount to an identification of "errors of law or fact" in the BIA's decision concerning the first motion to reopen. *See* 8 U.S.C. § 1229a(c)(6)(C).

Finally, the BIA did not abuse its discretion in denying the second motion to reopen. The BIA did not err in relying on the prior adverse credibility

4

determination and in concluding that the remainder of Al-Jabre's new evidence did not demonstrate changed country conditions and therefore did not demonstrate prima facie eligibility for relief. *See Toufighi*, 538 F.3d at 997. Because the BIA did not abuse its discretion in declining to reopen proceedings, it did not err in failing to address the merits of Al-Jabre's CAT claim.

**ALL PETITIONS DENIED.**